### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

PAUL E. KIRBY,                          *

     *Plaintiff,*                        *

v.                                      *          Civil Case No: 1:24-cv-02424-JMC

LOUIS DEJOY,                            *

     *Defendant*.                       *

                      *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### MEMORANDUM OPINION AND ORDER

Plaintiff, Paul E. Kirby, filed the present action on August 20, 2024, asserting claims under the Federal Tort Claims Act ("FTCA") stemming from his employment with the United States Postal Service ("USPS"). (ECF No. 1). Plaintiff has since amended his complaint two times. (ECF Nos. 17 & 27). Presently before the Court is Plaintiff's Motion for Leave to File a Third Amended Complaint. (ECF No. 30). The Court has considered the motion and Defendant's opposition thereto. (ECF No. 31). Plaintiff did not file a reply and the deadline to do so has passed. Loc. R. 105.2 (D. Md. 2023). No hearing is necessary. Loc. R. 105.6 (D. Md. 2023). For the reasons set forth below, Plaintiff's Motion for Leave to File a Third Amended Complaint shall be GRANTED. Although the Court will grant Plaintiff's motion, Plaintiff is forewarned that no further amendments will be permitted absent extraordinary circumstances.

### I.        BACKGROUND

Prior to initiating this lawsuit, Plaintiff filed a 2022 complaint against DeJoy alleging discrimination on the basis of Plaintiff's age in violation of the Age Discrimination in Employment Act of 1967, and unlawful retaliation in violation of Title VII of the 1964 Civil Rights Act. *Kirby*

*v. DeJoy*, No. 1:22-cv-02197-JMC, 2023 WL 6976069, at *1 (D. Md. Oct. 23, 2023). This Court granted Defendant's motion to dismiss on October 23, 2023, and dismissed both counts of Plaintiff's complaint with prejudice. *Id.* at *9.[1] Plaintiff filed the present action on August 20, 2024 against DeJoy,[2] asserting six counts styled as "federal tort claim[s]": (1) intentional infliction of emotional distress; (2) intentional tortious interference with contract; (3) defamation; (4) false claims; (5) assault; and (6) battery. (ECF No. 1). Many of the factual allegations set forth in Plaintiff's complaint mirror those in his 2022 action. Defendant[3] filed a motion to dismiss thereafter, which was mooted by Plaintiff filing an Amended Complaint as a matter of right on December 3, 2024. ECF No. 17; Fed. R. Civ. P. 15(a)(1)(B). The Amended Complaint added three defendants – Kelly Kaylor, Kami Hoffman, and Sean O'Donnell, all employees of the USPS – and alleged eleven counts "under the Federal Tort Claim Act": (1) intentional infliction of emotional distress (against all defendants); (2) "gross negligence foe allowing intentional infliction of emotional distress" (against all defendants); (3) intentional tortious interference with contract (against all defendants); (4) "gross negligence for allowing intentional [tortious] interference with contract" (against all defendants); (5) defamation (against all defendants); (6) "gross [sic] negligently allowing defamation" (against all defendants);[4] (7) assault (against Kaylor); (8) battery (against Kaylor); (9) "gross [sic] negligently allowing assault and battery" (against all defendants); (10) "gross [sic] negligently allowing bullying and retaliatory acts" (against all defendants); and

---

[1] The Fourth Circuit affirmed this Court's dismissal. *See Kirby v. DeJoy*, No. 24-1003, 2024 WL 4262744, at *1 (4th Cir. 2024).

[2] As will be discussed, it isn't clear whether Plaintiff's various complaints assert claims against the named defendants in their individual capacity, or asserts a claim against the United States under the Federal Tort Claims Act.

[3] The motion was filed by the United States, on behalf of the United States Postal Service. (ECF No. 16 at 1).

[4] Plaintiff labeled two counts "Count V" in the Amended Complaint, so although the eleventh count is titled "Count X" it is actually Count XI. (ECF No. 17 at 28-29).

(11) a § 1983 action related to Kaylor allegedly striking Plaintiff with a mail cart (against all defendants). *Id.*

On December 17, 2024, the United States of America, on behalf of the United States Postal Service, filed a Consent Motion requesting a status conference with the Court. (ECF No. 20). Per the Consent Motion, none of the newly named individual defendants had been served, and when the United States sought clarification from Plaintiff's counsel regarding whether he intended to pursue claims against the four named defendants in their individual capacities, or against the United States under the FTCA, Plaintiff's counsel expressed an intent to file another amended complaint. *Id.* The United States indicated it might consent to certain amendments, but not others, and requested the conference to ascertain how Plaintiff intended to proceed. *Id.* The Court granted the Consent Motion, scheduled a conference for January 17, 2025, and directed the parties to submit to Chambers an agenda for the conference by January 6, 2025. (ECF No. 21). On January 3, 2025, Plaintiff filed a Motion for Leave to File a Second Amended Complaint. (ECF No. 22). In light of Plaintiff's motion, the Court directed the parties to file a report indicating whether the January 17, 2025 status conference remained necessary, and revising the deadline to submit an agenda. (ECF No. 23). On January 7, 2025, the parties jointly filed a status report, wherein Defendant consented to Plaintiff's Motion for Leave to File a Second Amended Complaint. (ECF No. 24). The Court therefore granted Plaintiff's Motion, (ECF No. 26), and Plaintiff's Second Amended Complaint was docketed the same day. (ECF No. 27).

Kaylor, Hoffman, and O'Donnell are not named as defendants in Plaintiff's Second Amended Complaint, although it remains unclear whether Plaintiff is proceeding against DeJoy in his individual capacity, and/or the United States Postal Service. *Id.* Plaintiff set forth four counts in his Second Amended Complaint: (1) negligent infliction of emotional distress; (2) negligent

3

tortious interference with contract; (3) negligence; and (4) "gross [sic] negligently allowing bullying and retaliatory acts[.]" *Id.*[5] Defendant filed a Motion to Dismiss Plaintiff's Second Amended Complaint on January 17, 2025. (ECF No. 28). Once again, instead of responding to the motion to dismiss, Plaintiff filed a Motion for Leave to File a Third Amended Complaint on February 7, 2025, which is currently pending before this Court. (ECF No. 30). In his proposed Third Amended Complaint, Plaintiff narrows his suit to a single claim, still purportedly under the FTCA, for wrongful misconduct for failure to act. *Id.*

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a)(2), when a party's timeframe for amending its pleading as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Under Rule 15(a), the district court 'has broad discretion concerning motions to amend pleadings . . .'" *Macsherry v. Sparrows Point, LLC*, No. ELH-15-22, 2016 WL 8669914, at *8 (D. Md. Oct. 28, 2016) (quoting *Booth v. Maryland*, 337 F. App'x 301, 312 (4th Cir. 2009) (per curiam)) (other citation omitted). The Supreme Court of the United States has stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.— the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

---

[5] Count IV appears to be asserted only against USPS. (ECF No. 27 at 25).

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) ("Leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.").

Regarding futility, "[t]here is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion." *Morgan v. Coppin State Univ.*, No. SAG-20-0427, 2020 WL 6485083, at *2 (D. Md. Nov. 4, 2020) (quoting *Aura Lights US Inc. v. LTD Int'l LLC*, Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017)) (internal citation omitted). "Yet, the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile. [Rather], [t]he Court applies a much less demanding standard: whether the proposed amendment is clearly insufficient or frivolous on its face." *Morgan*, 2020 WL 6485083 at *2 (quoting *Aura Lights US Inc.*, 2017 WL 2506127 at *5) (internal citation and quotation marks omitted).

## III.    DISCUSSION

Defendant opposes Plaintiff's Motion for Leave to File a Third Amended Complaint, averring that Plaintiff's proposed amendments are futile, and that the government will be prejudiced by filing a third motion to dismiss. (ECF No. 31). Although Plaintiff's pattern of repeatedly amending his complaint has undoubtedly extended the pleadings stage in this matter and resulted in Defendant drafting multiple dispositive motions, the Court does not conclude that Plaintiff's current Motion for Leave to Amend is tainted by undue delay, bad faith, or dilatory motive. Plaintiff's delay, though not insignificant, is not sufficient reason to deny his motion and deprive him of the opportunity to test his claim on the merits. *Mascherry*, 2016 WL 8669914, at *9 ("Delay alone is an insufficient reason to deny leave to amend.") (quoting *Edwards v. City of*

5

*Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)). And while the Court is cognizant that Plaintiff's Amendment may cause Defendant to draft a third dispositive motion, this does not constitute prejudice so severe that it warrants denial of Plaintiff's motion. The litigation is still in its early stages, the parties have not engaged in any discovery, and Plaintiff's proposed Third Amended Complaint is predicated on the same information already pled. *Compare Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 439-40 (4th Cir. 2011) ("Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing … [T]he further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant or that a court will find bad faith on the plaintiff's part.") (quoting *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006)); *see also Laber*, 438 F.3d at 427 ("An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.") (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)).

Finally, the Court also declines to deny Plaintiff's motion on the basis that his proposed amendments are futile. In determining whether a proposed amendment is futile, the Court's review "does not involve an evaluation of the underlying merits of the case[,]" *Lavin v. Safeco Insurance Co. of America*, No. SAG-22-1788, 2022 WL 17342051, at *1 (D. Md. Nov. 30, 2022), and application of the Rule 12(b)(6) standard is unnecessary. *Morgan*, 2020 WL 6485083 at *2 (internal citation omitted). The arguments set forth in Defendant's opposition go to the merits of Plaintiff's claim, and the Court is reluctant to rule on such issues without the benefit of full briefing by both parties. Plaintiff's motion will therefore be granted.

The Court will conclude by noting a point identified in Defendant's opposition. Plaintiff continues to name Louis DeJoy as the Defendant in this matter. However, as Plaintiff's Third

Amended Complaint makes clear that he is proceeding under the FTCA, Plaintiff is reminded that the proper defendant in an FTCA action is the United States. *Chang-Williams v. Dep't of the Navy*, 766 F. Supp. 2d 604, 608 (D. Md. 2011). The FTCA provides for liability solely against the United States, and explicitly states that federal agencies, like USPS, are not amenable to suit under its provisions. *Id.* (citing 28 U.S.C. § 2679(a)); *see also Messino v. McBride*, 174 F. Supp. 2d 397, 399 (D. Md. 2001) ("In a case brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq., the proper defendant is the United States, and not the individual employee."). Plaintiff may revise his Third Amended Complaint to identify the correct defendant before filing it on the public docket, but no other modifications will be permitted.

## IV.    CONCLUSION

For the foregoing reasons, it is this 28th day of March, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's Motion for Leave to File a Third Amended Complaint (ECF No. 30) is GRANTED; and

2. Defendant's Motion to Dismiss filed on November 14, 2024 (ECF No. 16) is DENIED as MOOT; and

3. Defendant's Motion to Dismiss filed on January 17, 2025 (ECF No. 28) is DENIED as MOOT; and

4. Plaintiff shall file his Third Amended Complaint within seven (7) days of the entry of this Order; and

5. Plaintiff is cautioned that no further amendments shall be permitted absent the most compelling of circumstances.

Date: <u>March 28, 2025</u>

/s/
_____

J. Mark Coulson
United States Magistrate Judge